**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARNELL CAMPBELL,** | Case No. '11CV1854 WQHJMA |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FAIR CREDIT REPORTING ACT** |
| vs. | |
| **AFNI, INC.,** | |
| Defendant. | |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C.

Complaint - 1

§1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.     Plaintiff, Darnell Campbell ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, AFNI, Inc.. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

## IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In April 2011, Defendant began negatively reporting an alleged debt on Plaintiff's credit report that had been previously been removed.

7. Defendant is communicating credit information which should be known to be false including but not limited to, negatively reporting an alleged debt that had been previously removed.

8. Defendant has falsely represented the amount and character of the alleged debt by negatively reporting an alleged debt on Plaintiff's credit report that had been previously been removed.

9. Defendant used false representations and deceptive practices in connection with an attempt to collect an alleged debt including but not limited to negatively reporting an alleged debt on Plaintiff's credit report that had been previously been removed.

10. Defendant's conduct violated the FDCPA, RFDCPA, and FCRA in multiple ways, including but not limited to:

   a) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

b) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A)); and

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

11. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

12. As a result of the above violations of the FDCPA, RFDCPA, and FCRA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

  E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

  B. Actual damages;

  C. Statutory damages for willful and negligent violations;

  D. Costs and reasonable attorney's fees,

  E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FCRA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 18th day of August, 2011.

By: <u>/s Todd M. Friedman</u>
    **Todd M. Friedman (216752)**
    **Law Offices of Todd M. Friedman, P.C.**
    **369 S. Doheny Dr. #415**
    **Beverly Hills, CA 90211**
    **Phone: 877 206-4741**
    **Fax: 866 633-0228**
    **tfriedman@attorneysforconsumers.com**
    **Attorney for Plaintiff**